

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ALBERT LEE ROBERTSON, §
 §
      Petitioner, §
 §
v. § No. 4:11-CV-628-A
 §
RICK THALER, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
 §
      Respondent. §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Albert Lee Robertson, a state prisoner currently incarcerated in Gatesville, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent.[1] After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be summarily dismissed as successive. No service has issued upon respondent.

---

[1] Petitioner filed a form § 2255 petition, which he claims was sent to him instead of a form § 2254 petition as requested. The petition is construed as a petition for writ of habeas corpus by a person in state custody under 28 U.S.C. § 2254.

I.  FACTUAL AND PROCEDURAL HISTORY

Petitioner is serving a life and a 20-year sentence concurrently on his 1996 convictions for aggravated sexual assault of a child under 14 and indecency with a child, respectively, in Tarrant County, Texas. Petitioner filed a prior federal habeas petition challenging the same convictions, which was dismissed as barred by limitations. *See Robertson v. Johnson*, No. 4:98-CV-1160-Y. The court takes judicial notice of the pleadings and state court records filed in petitioner's prior federal petition.

II.  SUCCESSIVE PETITION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize a habeas corpus petition to be summarily dismissed.[2] The Court of Appeals

---

[2] Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:
>   The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the

for the Fifth Circuit recognized the district courts' authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). From the face of the instant petition and court records of which this court can take judicial notice, it is apparent that this is a successive petition. *See* 28 U.S.C. § 2244(b)(1)-(3).

Title 28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). A petition is successive when it raises a claim or claims challenging the petitioner's conviction or sentence that were or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *See Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). The fact that an earlier petition was dismissed with prejudice on

---

> The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

limitations grounds does not remove the subsequent petition from the second-successive requirements of § 2244(b).  *See Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *Anders v. Cockrell*, No. 03:02-CV-2513-N, 2003 WL 102615, at *2 (N.D. Tex. Jan. 8, 2003) (not designated for publication).

Petitioner raises eleven grounds in the instant petition. (Pet. at 7-8E)  Because petitioner raised, or could have raised, the claims in his prior federal petition, this petition is successive on its face.  Before a petitioner may file a successive § 2254 petition, he must obtain authorization from the appropriate court of appeals.  28 U.S.C. § 2244(b)(3)(A).  Petitioner has neither alleged nor demonstrated that he has obtained leave to file this petition from the Fifth Circuit Court of Appeals.  Thus, this court is without jurisdiction to consider the petition.  *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in

the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED September 9, 2011.

_____
JOHN McBRYDE
United States District Judge